UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3099 FMO (AGRx) | Date | **May 9, 2014** |
|---|---|---|---|
| Title | **Tenley Peterson v. Emeritus Corporation, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**     (In Chambers) Order Remanding Action

On March 12, 2014, Tenley Peterson ("plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Luis Obispo against defendants Emeritus Corporation, Emeritus@Creston Village, and Does 1 through 100.  (See Notice of Removal ("NOR") ¶ 1 & Exhibit ("Exh.") A ("Complaint")).  On April 23, 2014, defendant Emeritus Corporation ("defendant") removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See NOR at 1).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).[1]

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule

---

[1] Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3099 FMO (AGRx) | Date | **May 9, 2014** |
|---|---|---|---|
| Title | Tenley Peterson v. Emeritus Corporation, et al. | | |

of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint make clear that this court has neither federal question nor diversity jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying either federal question or diversity jurisdiction, and therefore removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted). First, there is no basis for federal question jurisdiction, as the Complaint contains only state law causes of action for: (1) harassment, discrimination and retaliation because of actual or perceived physical disability, Cal. Gov't Code §§ 12940, et seq., (see Complaint at ¶¶ 1-34); (2) harassment, discrimination and retaliation because of actual or perceived mental disability, Cal. Gov't Code §§ 12940, et seq., (see id. at ¶¶ 36-63); (3) violation of plaintiff's rights pursuant to the Family Rights Act, Cal. Gov't Code § 12945.2, (see id. ¶¶ 65-77); (4) retaliation for engaging in protected activity, Gov't Code §§ 12940, et seq., (see id. at ¶¶ 79-106); (5) retaliation and wrongful termination in violation of public policy, (see id. at ¶¶ 108-120); and (6) declaratory relief against all defendants. (See id. at ¶¶ 122-26). All of the claims are based on common law or California state law. (See id.). In short, the Complaint discloses no federal statutory or constitutional question. See Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429 (removal pursuant to § 1331 "is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."); Taylor v. Anderson, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724 (1914) (stating that federal question jurisdiction "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose").

Second, there is no basis for diversity jurisdiction because the amount in controversy does not appear to exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[2] Defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir.

---

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3099 FMO (AGRx) | Date | **May 9, 2014** |
|---|---|---|---|
| Title | **Tenley Peterson v. Emeritus Corporation, et al.** | | |

2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted).

As an initial matter, the amount of damages plaintiff seeks cannot be determined from the Complaint, as the Complaint simply alleges damages "according to proof," rather than a specific amount.  (See Complaint at 29-30).  Further, defendant proffers no evidence that might help the court determine whether the damages alleged would fulfill the amount in controversy requirement.  (See, generally, NOR).  For example, there is no evidence of plaintiff's salary, any payments made to plaintiff during plaintiff's employment, or anything else that might assist the court in determining the potential economic damages.  (See, generally, id.).  Instead, defendant merely cites to plaintiff's broad claims for economic damages and demands for relief as proof, ipso facto, that the amount plaintiff seeks for loss of earnings and other employment benefits would meet the amount in controversy requirement.  (See id. at ¶¶ 16-19).  Such unsubstantiated assertions, untethered to any evidence, cannot satisfy the amount in controversy requirement of § 1332(a).³  See Gaus, 980 F.2d at 567 (remanding for lack of diversity jurisdiction where defendant "offered no facts whatsoever . . . [to] overcome[ ] the strong presumption against removal jurisdiction, nor satisf[y] [defendant's] burden of setting forth . . . the underlying facts supporting the assertion that the amount in controversy exceeds [$75,000].") (internal quotations omitted) (emphasis in the original).

Plaintiff also seeks an unspecified amount of punitive damages, (see Complaint at 30), which may be included in the amount in controversy calculation.  See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001), cert. denied, 534 U.S. 1104 (2002).  "However, the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  Burk v. Med. Sav. Ins. Co., 348 F.Supp.2d 1063, 1069 (D. Ariz. 2004); accord Geller v. Hai Ngoc Duong, 2010 WL 5089018, *2 (S.D. Cal. 2010); J. Marymount, Inc. v. Bayer Healthcare, LLC, 2009 WL 4510126, *4 (N.D. Cal. 2009).  Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000.  Removing defendants may establish probable punitive damages by, for example, introducing evidence of jury verdicts in analogous cases."  Burk, 348 F.Supp.2d at 1069.  Here, defendant has not provided any such evidence of punitive damages awards in similar cases, (see, generally, NOR), so inclusion of punitive damages in the amount in controversy would be improper.  See Burk, 348 F.Supp.2d at 1070 ("Here, Defendant not only failed to compare the facts of Plaintiff's case with the facts of other cases where punitive damages have been awarded in excess of the jurisdictional amount, it failed even to cite any such

---

³ The language defense counsel has put forth in support of removal is virtually identical to the notice of removal that defense counsel has put forth in other cases, (compare NOR at ¶¶ 14-15, with Niknam v. The Neiman Marcus Group, Inc., CV 14-1192 FMO (SHx) (Feb. 14, 2014) (Notice of Removal at ¶¶ 15-16), suggesting that defense counsel may be relying on the same conclusory allegations in removing employment cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3099 FMO (AGRx) | Date | **May 9, 2014** |
|---|---|---|---|
| Title | **Tenley Peterson v. Emeritus Corporation, et al.** | | |

cases. . . . This is insufficient to establish that it is more likely than not that a potential punitive damage award will increase the amount in controversy above $75,000."); Killion v. AutoZone Stores Inc., 2011 WL 590292, *2 (C.D. Cal. 2011) ("Defendants cite two cases . . . in which punitive damages were awarded, but make no attempt to analogize or explain how these cases are similar to the instant action. Simply citing these cases merely illustrate[s] that punitive damages are possible, but in no way shows that it is likely or probable in this case. Therefore, Defendants' inclusion of punitive damages in the calculation of the jurisdictional amount is speculative and unsupported.").

Finally, plaintiff's Complaint includes a claim for attorney's fees, (see Complaint at 29), which defendant claims is in and of itself sufficient to satisfy the jurisdictional amount. (See NOR at ¶ 18). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007), overruled on other grounds as recognized by Rodriguez v. AT & T Mobility Serv. LLC, 728 F.3d 975, 976-77 (9th Cir. 2013). "[C]ourts are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case." Hernandez v. Towne Park, Ltd., 2012 WL 2373372, *19 (C.D. Cal. 2012) (collecting cases); see Reames v. AB Car Rental Servs., Inc., 899 F.Supp.2d 1012, 1018 (D. Or. 2012) ("The Ninth Circuit has not yet expressed any opinion as to whether expected or projected future attorney fees may properly be considered 'in controversy' at the time of removal for purposes of the diversity-jurisdiction statute, and the decisions of the district courts are split on the issue."). The court is persuaded that "the better view is that attorneys' fees incurred after the date of removal are not properly included because the amount in controversy is to be determined as of the date of removal." Dukes v. Twin City Fire Ins. Co., 2010 WL 94109, *2 (D. Ariz. 2010) (citing Abrego, 443 F.3d at 690). Indeed, "[f]uture attorneys' fees are entirely speculative, may be avoided, and are therefore not 'in controversy' at the time of removal." Dukes, 2010 WL 94109, at *2; accord Palomino v. Safeway Ins. Co., 2011 WL 3439130, *2 (D. Ariz. 2011).

Defendant, however, does not provide a scintilla of evidence of the amount of attorney's fees that were incurred at the time of removal. (See, generally, NOR). Defendant has not shown by a preponderance of the evidence that the inclusion of attorney's fees in the instant case would cause the amount in controversy to reach the $75,000 threshold. See Walton v. AT & T Mobility, 2011 WL 2784290, *2 (C.D. Cal. 2011) (declining to reach the issue of whether future attorney's fees could be considered in the amount in controversy because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future[, and] [b]ald assertions are simply not enough.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3099 FMO (AGRx) | Date | May 9, 2014 |
|---|---|---|---|
| Title | Tenley Peterson v. Emeritus Corporation, et al. | | |

See Matheson, 319 F.3d at 1090 ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold.  Where doubt regarding the right to removal exists, a case should be remanded to state court."); Valdez, 372 F.3d at 1117.  Therefore, there is no basis for diversity jurisdiction.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of San Luis Obispo, 901 Park Street, Paso Robles, CA 93446.

2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | vdr |